✥AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2013 SEP 13 PM 2:29

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| KIRILL PEYSAKHOVICH (4) | Case Number: 12CR1243-BEN |
| | GRETCHEN C. VONHELMS |
| | Defendant's Attorney |

**REGISTRATION NO.** 31461298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1 OF THE INDICTMENT.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 21 USC 846, 841(a)(1) | CONSPIRACY TO MANUFACTURE AND DISTRIBUTE MARIJUANA | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) REMAINING _____ is ☒ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00 forthwith or at the rate of not less than $50.00 per month, commencing no later than sixty (60) days from 9/3/2013.

☐ Fine waived   ☒ Forfeiture pursuant to order filed __9/4/2013__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 3, 2013
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

12CR1243-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 -- Probation

DEFENDANT: KIRILL PEYSAKHOVICH (4)
CASE NUMBER: 12CR1243-BEN

Judgment—Page 2 of 7

## PROBATION

The defendant is hereby sentenced to probation for a term of:

FIVE (5) YEARS.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 3 — Special Conditions

DEFENDANT: KIRILL PEYSAKHOVICH (4)
CASE NUMBER: 12CR1243-BEN

Judgment—Page 3 of 7

## SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

[X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[X] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within _____ days.

[X] Complete 100 hours of community service in a program approved by the probation officer within EIGHTEEN (18) MONTHS.

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[X] Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[X] Remain in your place of residence for a period of THREE (3) MONTHS, except while working at verifiable employment, attending religious services or undergoing medical treatment.

12CR1243-BEN

FILED

2013 SEP -4 PM 2:06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12cr1243-BEN |
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| KIRILL PEYSAKHOVICH, | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties, to wit:

1. $1,450 cash
2. Miscellaneous Indoor Marijuana Cultivation Equipment
3. Electronics and miscellaneous
   a. One silver AWS digital scale
   b. CDs
   c. DVDs
   d. One Motorola Droid X2 Verizon cellular phone
4. One Kimber Jet Protector Taser, Serial Number: E2720; and
5. Any and all other property seized in connection with this case

of the above-named defendant pursuant to Title 21, United States Code, Section 853(p), as properties involved in or traceable to the violation of Title 21, United States Code, 853(a), 841, and 846, as charged in the Indictment; and

WHEREAS, on or about August 23, 2012, the above-named defendant, KIRILL PEYSAKHOVICH ("Defendant"), pled guilty to the Indictment before Magistrate David H. Bartick, which plea provided for the criminal forfeiture of the

properties, and included consent to the criminal forfeiture allegations pursuant to Title 21 as set forth in the Indictment; and

WHEREAS, on or about September 12, 2012, the plea of the Defendant was accepted by the United States District Court; and

WHEREAS, the plea agreement provided for the criminal forfeiture of:

1. $1,450 cash
2. Miscellaneous Indoor Marijuana Cultivation Equipment
3. Electronics and miscellaneous
   a. One silver AWS digital scale
   b. CDs
   c. DVDs
   d. One Motorola Droid X2 Verizon cellular phone
4. One Kimber Jet Protector Taser, Serial Number: E2720; and
5. Any and all other property seized in connection with this case; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, on or about June 18, 2012 and June 25, 2012, the properties to which Defendant pled were administratively forfeited in the Southern District of California by the Drug Enforcement Administration;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title and interest of Defendant KIRILL PEYSAKHOVICH in

   1. $1,450 cash
   2. Miscellaneous Indoor Marijuana Cultivation Equipment
   3. Electronics and miscellaneous
      a. One silver AWS digital scale
      b. CDs
      c. DVDs
      d. One Motorola Droid X2 Verizon cellular phone
   4. One Kimber Jet Protector Taser, Serial Number: E2720; and
   5. Any and all other property seized in connection with this case

are hereby forfeited to the United States.

//
//

2. As the aforementioned assets were previously forfeited administratively, no further action is needed as to the forfeiture aspect of this criminal case.

DATED: 9/3/13

HONORABLE ROGER T. BENITEZ
United States District Court